```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

              CASE NO. 08-60434-CIV-ZLOCH
```

M. DURAE FENNER CLEARE, as
Administrator and/or Personal
Representative of the Estate of
Stephen Fenner, deceased,

      Plaintiff,

vs.                                                              **FINAL ORDER OF REMAND**

EA MANAGEMENT SERVICES, INC.,
et al.,

      Defendants.
_____/

    THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the entire court file and is otherwise fully advised in the premises.

    Plaintiff M. Durae Fenner Cleare initiated the instant action in the Seventeenth Judicial Circuit, Broward County, Florida. Defendants Float & Fuel Cells, Inc. and FFC Services, Inc. timely filed a Notice Of Removal (DE 1) to this Court wherein they alleged that this action would otherwise properly be brought in federal court. Specifically, the Notice Of Removal alleges that the above-styled cause could be brought before this Court pursuant to its diversity jurisdiction. 28 U.S.C. § 1332(a) (2006).

    Pursuant to 28 U.S.C. § 1447(c) (2006), this Court may, sua sponte, review this matter, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. Whether an action

filed in state court may properly be removed to federal court is determined from the record at the time the notice of removal is filed. See Pullman Co. v. Jenkins, 305 U.S. 534 (1939).

The party asserting diversity jurisdiction bears the burden of proof. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001). In a notice of removal, the defendants' failure to allege complete diversity of citizenship is fatal to the Court's exercise of jurisdiction, and the Court is left with no recourse other than to remand the action to state court. Id.

The requisite diversity of citizenship as to Plaintiff and Defendants is not apparent on the face of the Notice Of Removal (DE 1). The Notice alleges the following:

> 13. At all material times, Plaintiff, the duly appointed Administrator, Executor and/or Personal representative of the Estate of Stephen Fenner, M. Durae Fenner Cleare was and is a resident of Jupiter, Florida (Composite Exhibit "A," Amended Complaint).
>
> . . . .
>
> 24. At all times material hereto, Plaintiff M. Durae Fener [sic] Cleare is a resident of the State of Florida.

DE 1, p. 5. It is not until the conclusion of the instant Notice that Defendants attempt to allege Plaintiff's citizenship: "Plaintiff is a resident and citizen of the State of Florida." DE 1, p. 9.

Section 1332(c) specifically prescribes the allegations sufficient to establish jurisdiction in federal court. The district courts "have original jurisdiction of all civil actions

where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different states." 28 U.S.C. § 1332(a)(1) (2006).  Residency is not the equivalent of citizenship for diversity purposes.  See 13B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3611 (1984).

Moreover, it is not Plaintiff's citizenship that controls whether diversity between the Parties exists.  For purposes of establishing diversity pursuant to § 1332, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."  28 U.S.C. § 1332(c)(2) (2006).  Defendants have failed to include any allegation of the deceased Stephen Fenner's citizenship.  The only allegation in the record to this effect is found in the state court Amended Complaint: "2. At all times material, Plaintiff's decedent, Stephen Fenner ("Mr. Fenner"), was a resident of Georgia." DE 1, Ex. 4, p. 2.  However, as stated above, this allegation is insufficient to establish citizenship.  13B Wright & Miller, supra.

The Court notes that the federal courts are courts of limited jurisdiction.  The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005), citing Turner v. Bank of N. Am., 4 U.S. 8, 10 (1799).  Therefore, the facts showing the existence of jurisdiction must be

3

affirmatively alleged. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); see, e.g., 13B Wright & Miller, supra, § 3602.

It is well settled that the removal statute is to be strictly construed against removal and in favor of remand because a defendant's right to remove and plaintiff's right to choose his forum are not on equal footing. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand); see also Libhart v. Santa Monica Dairy Co., 592 F.2d 1062 (9th Cir. 1979).

In remanding the above-styled cause due to Defendants' failure to satisfy the requirements of federal jurisdiction, the Court echos the recently stated sentiment of the United States Court of Appeals for the Seventh Circuit:

> Are we being fusspots and nitpickers in trying (so far with limited success) to enforce rules designed to ensure that federal courts do not exceed the limits that the Constitution and federal statutes impose on their jurisdiction?  Does it really matter if federal courts decide on the merits cases that they are not actually authorized to decide?  The sky will not fall if federal courts occasionally stray outside the proper bounds.  But the fact that limits on subject-matter jurisdiction are not waivable or forfeitable - that federal courts are required to police their jurisdiction - imposes a duty of care that we are not at liberty to shirk.  And since we are not investigative bodies, we need and must assure compliance with procedures designed to compel parties to federal litigation to assist us in keeping within bounds.  Hence [it is] . . . the responsibility of lawyers who practice in the federal courts, even if only occasionally, to familiarize themselves with the principles of federal jurisdiction.

Smoot v. Mazda Motors of Am., Inc., 469 F.3d 675, 678 (7th Cir.

4

2006).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The above-styled cause be and the same is hereby **REMANDED** to state court;

2. The Clerk of the United States District Court, Southern District of Florida, be and the same is hereby **DIRECTED** to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 0715508-04; and

3. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___10th___ day of April, 2008.

/s/ William J. Zloch
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

Clerk, Circuit Court (Certified Copy)
Broward County, Florida
Case No. 0715508-04